KWONG YUEN SHING v. UNITED STATES.

(Circuit Court, S. D. New York. November 13, 1909.)

No. 5,496.

CUSTOMS DUTIES (§ 30*) — CLASSIFICATION — PREPARED MEAT — "POULTRY DRESSED."

Duck meat in tins, some salted and dried, and some packed in oil, is not "poultry * * * dressed," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 278, 30 Stat. 172 (U. S. Comp. St. 1901,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

p. 1652), but is rather classifiable as "meats of all kinds, prepared or preserved," under par. 275, 30 Stat. 172 (U. S. Comp. St. 1901. p. 1652).

[Ed. Note.—For other cases. see Customs Duties, Cent. Dig. § 76; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 6, p. 5476; vol. 5, pp. 4456, 4457.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The opinion by the Board of General Appraisers reads as follows:

WAITE, General Appraiser. The importations here in question consist of certain duck meat imported from China. It was assessed at 25 per cent. ad valorem under the provision in paragraph 275. tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]), for "meats of all kinds, prepared or preserved." It is claimed by the importers to be dutiable at 5 cents per pound, under paragraph 278, as "dressed poultry."

Considerable testimony has been taken. The meat appears to be the flesh of ducks, which has been treated in different ways. Some of the importations consist merely of parts of the fowl, such as the feet, legs, and gizzards; others consist of the body of the duck, from which the head, feet, and viscera have been removed. In all cases the meat has been salted and dried and packed in tins, and in some instances it is packed in peanut oil.

From the evidence given in these cases, we are satisfied that the meaning of the term "dressed poultry" was well settled at the time of the passage of this act, and referred to poultry which had been plucked, or from which the feathers had been removed. It also applies, we think, to poultry which has been drawn, as well as plucked. Such being the commodity known as "dressed poultry," we do not think the importations in question are such as were intended to be covered by the provision in paragraph 278 for "dressed poultry" at the time of the passage of the act. The preparation which this article has undergone does not unfit it for use as food, but in our judgment may rather be considered as a preparation which adds to its flavor and desirability when it is prepared for food. The preparation is, in our judgment, sufficient to remove it from the classification of dressed poultry. Note Smith v. United States (C. C.) 168 Fed. 462, T. D. 29,646.

We therefore overrule the protests, and sustain the finding of the collector.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for the importer.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, Asst. Counsel, of counsel), for the United States.

PLATT, District Judge. The importations in question consist of certain duck meat imported from China. I think "meats of all kinds, prepared or preserved" (paragraph 275, act of 1897), better describes the importations than does "poultry * * * dressed" (paragraph 278). This latter term certainly cannot be said to aptly describe, either in a common or tariff sense, articles which have been treated before importation as these have admittedly been.

The decision of the Board is therefore affirmed.